WALTER M. PARK, MARY M. PARK, ALBERT B. PARK, AND PAULINE PARK, APPELLANTS, v. SIERRA PACIFIC POWER COMPANY, A MAINE CORPORATION, AND FRANK TRACY, RESPONDENTS.

No. 4486

May 28, 1962 371 P.2d 646

*Nada Novakovich,* of Reno, for Appellants.

*Woodburn, Forman, Wedge, Blakey and Folsom,* of Reno, for Respondents.

## OPINION

By the Court, McNAMEE, J.:

In this action appellants charge respondents with negligence in turning off power serving appellants' property, thereby interrupting the operation of their electric well pump, and causing a fire which was in progress to spread and damage their premises. The complaint seeks damages for the loss of appellants' house trailer, buildings, and furniture, and for the mental pain and anguish suffered as a result of the fire. The jury found in favor of the respondents.

The sole issue on this appeal is whether the trial court erred in denying appellants' motion for a mistrial after counsel for respondents had asked a question which appellants assert suggested to the jury the existence of fire insurance.

During the cross-examination of appellant Walter M. Park, he was asked by counsel for respondents: "Now, did you and your wife, Mary, and your daughter Pauline, and your son Leon, a couple of days after the fire have a conversation with a man by the name of Edwards from the Whitby Company in connection with —"

The question was interrupted by appellants' objection, the jury was excused, and the appellants in the absence of the jury moved for a mistrial. The motion was denied. Appellants contend that the denial of the motion constituted prejudicial error. They argue that it is well known that Whitby Company is in the insurance adjusting business, that the purpose of the question was to suggest to the jury that the appellants' loss was covered by insurance, and that a jury would thereby be inclined to give less damages. No evidence had been presented to the jury concerning Whitby Company or the nature of its business.

In the absence of the jury, counsel for respondents explained that the sole purpose of the question was to lay a foundation for the impeachment of the witness by subsequent testimony of Edwards which would pertain to a prior inconsistent statement made by the witness relevant to the cause of the fire. It is not denied that this was a proper foundation question and that the testimony of Edwards would be relevant to the issues in the action.[1]

Even should we assume that appellants' argument would have merit had the jury brought in a verdict for the appellants, it is not in the least persuasive in this case where the jury determined that respondents were not negligent and awarded no damages. If the question suggests fire insurance coverage, as claimed by appellants, they were in no manner prejudiced thereby.

The record discloses that appellants were advised by the trial judge that if the matter of insurance was mentioned in the testimony to be given, there would be

---

[1] The cause of the fire was material to the issue of negligence.

no basis for mistrial "because it will be taken care of by instructions to the jury that if they find this fire was a result of negligence on the part of the defendants, then they should grant to the plaintiff a verdict for the full amount of proven damage, irrespective of whether or not there was insurance, because if they received money from some insurance company of their own, that is their own business, and they may have to pay it back to them. I think the proper instructions can be prepared that would take care of the entire situation."

To this, counsel for appellants responded: "Yes. However, we do not want to waive our right to object to that line of questioning, Your Honor, for the purpose of the record."

No further objection was made to the cross-examination of appellant William M. Park and no objection was made to the subsequent testimony of Edwards. Furthermore, appellants did not request a jury instruction as suggested by the trial court.

"Some evidence may be material and relevant for one purpose and inadmissible for another purpose, either because it is irrelevant or because some rule excludes it for that other purpose. It may be admitted, but only for the proper purpose, and under instructions of the court limiting it to that proper purpose. * * * The party offering the evidence should *state the proper purpose;* if his only expressed theory in offering it is an improper one, the court may exclude the evidence. * * * And the adverse party should *request the limiting instruction;* if he fails there is no reversible error in the unlimited admission. * * *" Witkin, California Evidence, sec. 115.

No prejudicial error having been shown, the judgment is affirmed.

BREEN, D. J., concurs.

THOMPSON, J., being disqualified, the Governor designated HONORABLE PETER BREEN, Judge of the Fifth Judicial District, to sit in his stead.

B<small>ADT</small>, C. J., being disqualified, appellants and respondents stipulated to the submission of the appeal to J<small>USTICE</small> M<small>C</small>N<small>AMEE</small> and D<small>ISTRICT</small> J<small>UDGE</small> B<small>REEN</small>.